**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00076-RLV
(5:06-CR-00022-RLV-CH-22)**

| | | |
|---|---|---|
| KAREN DENISE WITHERSPOON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. 1.) No response is necessary from the Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

## I. BACKGROUND

On April 26, 2006, Petitioner was named in counts one and twenty-nine of a sealed indictment returned by a grand jury sitting in the Western District of North Carolina. Count one charged Petitioner was conspiring to possess with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 846. Count twenty-nine charged Petitioner with unlawfully possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. (5:06-cr-22, Doc. 3 at 2–4, 15–16.) On May 8, 2006, the Respondent filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851. (Doc. 41.) On December 8, 2006, Petitioner entered into a plea agreement with the Respondent wherein she agreed to plead guilty to count one of the indictment in return for the Respondent's agreement to dismiss

county twenty-nine. (5:06-cr-22, Doc. 304.) On December 19, 2006, Petitioner appeared with counsel before the magistrate judge for a Rule 11 hearing. After conducting the standard colloquy, the magistrate judge accepted Petitioner's plea of guilty. (5:06-cr-22, Doc. 312.) On September 10, 2007, Petitioner appeared with counsel before the Court for her sentencing hearing. The Court dismissed count twenty-nine and sentenced Petitioner to 324 months of active imprisonment for conviction of count one. (5:06-cr-22, Doc. 485.) Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. On October 13, 2009, the Fourth Circuit entered an Order granting the Respondent's motion to dismiss Petitioner's appeal. United States v. Karen Denise Witherspoon, No. 07-4967(L) (4th Cir. Oct. 13, 2009). On June 11, 2012, Petitioner filed the instant Section 2255 Motion.

## II. DISCUSSION

Petitioner contends that in DePierre v. United States, 131 S. Ct. 2225 (June 9, 2011), the Supreme Court of the United States created a new rule of law that is retroactively applicable on collateral review. (Doc. 1 at 2).

The Antiterrorism and Effective Death Penalty Act provides for a one-year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C. § 2255(f) provides, as is relevant to the present case, that the "limitation shall run from the latest of the following: (1) the date on which the judgment of conviction becomes final; . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3).

On September 25, 2007, Petitioner was convicted and sentenced, and on October 13, 2009, the Fourth Circuit entered an Order dismissing her appeal. There is no indication

2

Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States. Therefore, Petitioner's conviction has been final for nearly three-and-one-half years. Petitioner did not file the present Section 2255 Motion until June 11, 2012. Petitioner's Motion is clearly untimely under the provisions of Section 2255(f)(1) and would be dismissed on that ground alone. Nevertheless, Petitioner explains that her Section 2255 Motion is timely because it is filed within one year of the date the Supreme Court filed its decision in DePierre.[1]

The Court disagrees. Although Petitioner's Section 2255 was filed within one year of the date the Supreme Court filed its decision in DePierre, that is of no moment as there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012). Petitioner therefore does not qualify for relief under Section 2255(f)(3). Petitioner's Section 2255 must be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003) (stating that in order to satisfy section 2253(c), a

---

[1]Petitioner is clearly aware that her petition could be found untimely under the provisions of Section 2255(f), and she carefully addresses the issue of timeliness in her Motion. Accordingly, the Court finds that Petitioner does not need notice as provided by Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 21, 2012

Richard L. Voorhees
United States District Judge